■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LEONARD MEZZACAPPO, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County, entered July 22, 1976, which, after a hearing, granted defendant's motion to suppress identification evidence. Order reversed, on the law and the facts, and motion denied. The record discloses that Vivian Aronson, the identifying witness, through her kitchen window and at a distance of 25 feet, saw a young male park his car and walk in the direction of the apartment of Mrs. Gerstl, a neighbor. He returned a short time later carrying a portable television set in one hand and a large, strangely familiar carton in the other. When she learned, that same afternoon, that Mrs. Gerstl's apartment had been burglarized, it promptly dawned on Mrs. Aronson that the large carton was one in which Mrs. Gerstl had frequently loaned her a 35-cup coffee percolator. This rather bizarre and unusual set of circumstances so etched in her mind and memory the events of that "beautiful sunny, warm" November afternoon, that Mrs. Aronson was able to give to the police a particularized and detailed description of the suspect. She said that she had observed his full face and both profiles for a total of about four minutes and that he was young and was wearing a beige vinyl jacket, print shirt and brown pants. His hair was styled in the shape of a low "modified Afro", with long sideburns and a "Fu Manchu" moustache. It is therefore clear that the identifying witness had a valid and adequate source for a subsequent identification of the defendant independent of, and untarnished, untainted and unprejudiced by, the photographic viewing at the 111th Precinct. Accordingly, defendant's motion to suppress the in-court identification should have been denied. We have considered and find no merit to the remaining points presented by counsel for defendant. Martuscello, Acting P. J., Latham, Hawkins and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH PERINO, Appellant, v THEODORE SCHUBIN, as Superintendent of the Ossining Correctional Facility, Respondent.—In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Westchester County, dated December 18, 1972, which, after a hearing, dismissed the proceeding. Judgment affirmed, without costs or disbursements. The proceeding was properly dismissed. Martuscello, Acting P. J., Latham, Cohalan, Damiani and Hawkins, JJ., concur.